[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S NOTION TO DISQUALIFY
The plaintiff, Robert Donovan (hereinafter "Donovan"), seeks an order disqualifying the law firm of Jacobs, Grudberg, Belt and Dow, P.C. from representing the defendant, Van Dyck Printing (hereinafter "Van Dyck"). In support of this motion, Donovan submitted an affidavit stating that he was represented by Jacobs, Grudberg, Belt Dow in the past on "an employment case that has similarities to this present one." Donovan stated further that he is "uncomfortable" having his former law firm represent the defendant in this case that he will be "prejudiced" by his former law firm being adverse to him in this case. Oral argument was heard on the motion on January 27, 1997. For the reasons set forth below, the motion is denied.
This case concerns Donovan's claim that he was wrongfully terminated from his employment because his girlfriend and former Van Dyck worker, Deborah Glennon, filed a sexual harassment complaint against Van Dyck. During the oral argument on this motion, counsel for Van Dyck represented that when Donovan was hired by Van Dyck in 1988 he was in a dispute with his previous employer over unpaid commissions. Van Dyck referred Donovan to CT Page 1160 its attorneys, Jacobs, Grudberg, Belt Dow. Jacobs, Grudberg, Belt Dow had represented Van Dyck for many years. As a result of this referral, a lawsuit was brought by Donovan for unpaid commissions. That case has now concluded.
Donovan asserts that it is a conflict of interest for Jacobs, Grudberg, Belt Dow to now represent Van Dyck when they previously represented him. Under the Rules of Professional Conduct, a lawyer who has formerly represented a client in a matter shall not represent another person in the same or a substantially related matter in which the person's interests are materially adverse to the interests of the former client. Rule 1.9(a), Rules of Prof. Conduct.
An attorney should be disqualified if he has accepted employment adverse to the interests of a former client on a matter "substantially related" to the prior representation.Bergeron v. Mackler, 225 Conn. 391, 398-99 (1993). This test "has been honed in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is `patently clear' or when the issues are identical or essentially the same." Id. 399;Government of India v. Cook Industries, Inc., 579 F.2d 737, 739-40
(2d Cir. 1978). Once a substantial relationship between the prior and present representation is demonstrated, the receipt of confidential information that would potentially disadvantage a former client is presumed. Bergeron v. Mackler, supra, 399.
The issue here turns on whether Donovan's prior lawsuit is substantially related to this case. Although there are certain similarities between the two cases due to their both arising out of Donovan's employment, they are not so closely related as to require disqualification. The prior case was essentially a contract dispute about unpaid commission money. It did not concern an alleged wrongful termination of employment. This case raises constitutional issues of free speech and public policy related to Donovan's conduct in connection with a sexual harassment complaint filed by another employee. The relationship between the issues in the two cases is not "patently clear." Accordingly, Van Dyck's interest is freely selecting counsel outweigh Donovan's expectations as to the scope of the attorney client relationship. Knights of Columbus Federal Credit Union v.Salisbury, 3 Conn. App. 201, 205 (1985).
Based on the above, the plaintiff's Motion to Disqualify is CT Page 1161 Denied.
So ordered, at New Haven, Connecticut this 5th day of February, 1997.
Devlin, J.